In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00016-CR


______________________________




ANGELA DENISE THOMPSON, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 115th Judicial District Court


Upshur County, Texas


Trial Court No. 13,853




 




Before Morriss, C.J., Carter and Moseley, JJ.


Opinion by Justice Carter



O P I N I O N



 The State alleged Angela Denise Thompson made a "false alteration of a governmental
record, to-wit: Texas driver's licenses and I.D. cards, said false alteration being fictitious
information." A jury convicted Thompson of the offense. Thompson pled "true" to an enhancement
paragraph in the indictment and was assessed eleven years' confinement. On appeal, Thompson
alleges the evidence is legally and factually insufficient, the trial court erred in failing to suppress
her written statement, and the evidence is insufficient to corroborate her statement. We find the
evidence is legally insufficient to support a finding of guilt for the offense for which Thompson was
indicted. 

 The Gladewater Police Department received information from the Longview Police
Department requesting assistance in locating Thompson and her sister, April Dorsey, who they
suspected of attempting to pass stolen checks. Officer Jared Sears went to 2811 Bernice Street and
saw Thompson, who went inside the house. Ultimately, Dorsey, who was inside the house, gave the
officers consent to search the house and curtilage. In an outbuilding, the officers found a computer
and observed images of driver's licenses on the screen. Thompson later gave a written statement to
police that she made "bogus driver's license[s]" on that computer. Thompson consented to a search
of the computer. That search revealed "[n]umerous counterfeit [d]river's [l]icenses . . . located on
the computer." 

Legal Sufficiency of the Evidence

 Thompson's first issue is that the evidence is legally insufficient to support the jury's verdict. 
In our review of the legal sufficiency of the evidence, we employ the standards set forth in Jackson
v. Virginia, 443 U.S. 307, 319 (1979). This calls on the court to view the relevant evidence in the
light most favorable to the verdict and determine whether any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt. Johnson v. State, 23 S.W.3d 1, 7
(Tex. Crim. App. 2000). In our review, we must evaluate all of the evidence in the record, both
direct and circumstantial, whether admissible or inadmissible. Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999). 

 The indictment charged that Thompson had knowingly made a "false alteration of a
governmental record, to wit: Texas driver's licenses and I.D. cards." This alleges a violation of
Section 37.10(a)(1) of the Texas Penal Code. (1) Section 37.01(2) defines a "[g]overnmental record"
as:

 (A) anything belonging to, received by, or kept by government for
information, including a court record; 

 (B) anything required by law to be kept by others for information of
government;

 (C) a license, certificate, permit, seal, title, letter of patent, or similar
document issued by government, by another state, or by the United States; 

 (D) a standard proof of motor vehicle liability insurance form . . . ; or

 (E) an official ballot or other election record. 


Tex. Penal Code Ann. § 37.01(2) (Vernon Supp. 2006).

 Thompson argues that her actions did not amount to falsely altering a governmental record,
as no record of the government was involved. The State argues that the statute includes licenses
issued by the government and a Texas driver's license constitutes a governmental record, citing
subsection (2)(C) of Section 37.01. We agree that a driver's license is a governmental record and
the alteration of such a license issued by the government is a violation of this law. However, the
evidence presented in this case does not show that Thompson altered any document issued by the
government, but that she created bogus driver's licenses by using her computer. (2) 

 While an unpublished case has no precedential value, the Dallas Court of Appeals has faced
a similar situation. See Mendoza v. State, No. 05-05-00476-CR, 2006 Tex. App. LEXIS 5060 (Tex.
App.--Dallas June 14, 2006, no pet.) (mem. op., not designated for publication). There, the
defendant, while attempting to cash a paycheck, presented a teller with a fake Texas driver's license. 
He was charged in accordance with Section 37.10(a)(5) that he did "make, present, or use a
governmental record, to wit; identification card with knowledge of its falsity." Id. at *2; see Tex.
Penal Code Ann. § 37.10(a)(5) (Vernon Supp. 2006). The Dallas court explained that, to prove
that charge, something meeting the definition of a governmental record must have been presented
that the defendant knew was false. What the defendant presented was not a governmental record,
and the judgment was reversed. We find the rationale of that case persuasive. 

 For a license, certificate, or permit to be considered a governmental record, it must be issued
by the government. Tex. Penal Code Ann. § 37.01(2)(C). Here, there is no proof that any of the
items found on the computer were issued by any governmental body. The State's computer expert's
report indicated that only counterfeit driver's licenses were located on the computer. These were
prepared from sample I.D. templates from various websites. Thompson was not charged with
making documents with the intent that they be taken or considered as governmental records; she was
charged with altering governmental records. There is no evidence on which to base a finding of guilt
to the elements of the crime. Therefore, the evidence is legally insufficient. Since the outcome of
this issue is dispositive of the case, we will not address the other points of error. 

 We reverse the trial court's judgment and render a judgment of acquittal. 




 Jack Carter

 Justice


Date Submitted: January 24, 2007

Date Decided: February 1, 2007


Publish

1. "A person commits an offense if he: (1) knowingly makes a false entry in, or false alteration
of, a governmental record." Tex. Penal Code Ann. § 37.10(a)(1) (Vernon Supp. 2006). 
2. It appears the State could have proved that Thompson violated Section 37.10(a)(2), which
delineates that one violates the law if the person "makes, presents, or uses any record, document, or
thing with knowledge of its falsity and with intent that it be taken as a genuine governmental record." 
Tex. Penal Code Ann. § 37.10(a)(2) (Vernon Supp. 2006). However, the State did not charge
Thompson with that provision. 


:LsdException Locked="false" Priority="69" SemiHidden="false"
 UnhideWhenUsed="false" Name="Medium Grid 3 Accent 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00107-CV

                                                ______________________________

 

 

                     METROPLEX MAILING SERVICES, LLC,
Appellant

 

                                                                V.

 

                                 DALLAS COUNTY, ET AL., Appellees

 

 

                                                                                                  


 

 

                                        On Appeal from the 44th Judicial District Court

                                                             Dallas County, Texas

                                                       Trial Court
No. TX-09-31273

 

                                                
                                                  

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                      MEMORANDUM OPINION

 

            Metroplex Mailing Services, LLC, the sole appellant in this
case, has filed a motion seeking to dismiss its appeal.[1]  Pursuant to Rule 42.1 of the Texas Rules of
Appellate Procedure, the motion is granted. 
Tex. R. App. P. 42.1.

            We
dismiss the appeal.

            

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date
Submitted:          December 6, 2011

Date
Decided:             December
7, 2011

 











[1]Originally
appealed to the Fifth Court of Appeals, this case was transferred to this Court
by the Texas Supreme Court pursuant to its docket equalization efforts.  See
Tex. Govt
Code Ann. § 73.001 (West 2005).